**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4275**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LACARLOS DEMOND CURETON, a/k/a Loco,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., Chief District Judge. (CR-02-1173-JFA)

Submitted: December 22, 2005     Decided: December 28, 2005

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mario A. Pacella, STROM LAW FIRM, L.L.C., Columbia, South Carolina, for Appellant. Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

LaCarlos Demond Cureton appeals his conviction following his guilty plea and 231-month sentence for conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (2000). Cureton's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the calculation of Cureton's base offense level and the application of a two-level enhancement for possession of a firearm in connection with a drug trafficking crime, but stating that he finds no meritorious grounds for appeal. Though notified of his opportunity to do so, Cureton has not filed a pro se supplemental brief. The Government has declined to file an answering brief. Finding no reversible error, we affirm.

In the Anders brief, counsel contends that the district court improperly determined Cureton's base offense level of thirty-eight based upon the amount of drugs attributed to him. Because Cureton did not file objections to the Presentence Report and did not object at sentencing, we review for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). Cureton's plea agreement stipulated to 1.5 kilograms of cocaine base. Moreover, at the change of plea hearing, Cureton assured the court that he agreed to this stipulation. Accordingly, we find no plain error. See U.S. Sentencing Guidelines Manual § 2D1.1 (a)(3)(c)(1).

- 2 -

Additionally, we reject Cureton's claim that the district court improperly applied a two-level enhancement for possession of a firearm during a drug trafficking crime. According to the Presentence Report, Cureton freely admitted to possessing a semi-automatic weapon while trafficking narcotics. At sentencing, Cureton offered no objection to this fact. Accordingly, we find no plain error. <u>Olano</u>, 507 U.S. at 731-32.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Cureton's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>